IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| LATASHA LOPER, on behalf of minor C.D., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-20-2184 |
| HOWARD COUNTY PUBLIC SCHOOLS SYSTEM, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

On June 12, 2020, Plaintiff Latasha Loper ("Loper" or "Plaintiff") brought this suit on behalf of her son, C.D., in the Circuit Court for Howard County, Maryland against Defendant Howard County Public Schools System ("HCPSS" or "Defendant"). *See* Case No. C-13-CV-20-00473. On July 28, 2020, Defendant HCPSS filed a Notice of Removal, removing the case to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF No. 1.) Loper's *pro se* Complaint appears to allege discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; a denial of a Free Appropriate Education ("FAPE") in violation of the Individuals with Disabilities Education Improvement Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; conspiracy against rights in violation of 18 U.S.C. § 241; as well as other violations of federal and Maryland law. (ECF No. 5.)

1

On July 28, 2020, Loper filed a Motion to Appoint Counsel (ECF No. 7), seeking appointment of counsel due to her lack of resources and need to care for her children with special needs.  On August 3, 2020, Defendant HCPSS filed a Motion for More Definite Statement (ECF No. 11), contending that Loper's Complaint is so difficult to decipher that HCPSS cannot reasonably prepare a response.  The parties' submissions have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, Plaintiff's Motion to Appoint Counsel (ECF No. 7) is DENIED.  Defendant's Motion for More Definite Statement (ECF No. 11) is GRANTED.

**A.  Motion to Appoint Counsel under 28 U.S.C. § 1915(e)(1)**

A federal district court judge's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional circumstances.  *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); *see also, Branch v. Cole*, 686 F.2d 264, 266-67 (5th Cir. 1982).  There is no absolute right to appointment of counsel; an indigent claimant must present "exceptional circumstances."  *See Miller v. Simmons*, 814 F.2d 962, 966 (4th Cir. 1987).  Exceptional circumstances exist where a "pro se litigant has a colorable claim but lacks the capacity to present it."  *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 298 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel).

In this case, Plaintiff Loper, on behalf of her minor son, C.D., asserts claims for discrimination under federal law, including the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*, as well as denial of FAPE under the IDEA, 20 U.S.C. §§ 1400 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.  (ECF No. 7.)  Upon careful consideration of

the filings by Plaintiff Loper, this Court finds that she has demonstrated the wherewithal to either articulate the legal and factual basis of her claims herself or secure meaningful assistance in doing so. *See Stokes v. Matteo*, No. RDB-11-3398, 2012 WL 5879131, at *3 (D. Md. Nov. 20, 2012). The issues pending before this Court are not unduly complicated, and there are no exceptional circumstances that would warrant the appointment of an attorney to represent Ms. Loper under § 1915(e)(1). *See id.*

### B. Motion for More Definite Statement

On August 3, 2020, Defendant HCPSS filed a Motion for More Definite Statement (ECF No. 11). Pursuant to Federal Rule of Civil Procedure 8(a)(2), "a pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(e) provides, in relevant part:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Reviewing Loper's Complaint, this Court finds that it fails to meet the standards provided by Rule 8(a) and Rule 12(e).

This Court notes that Plaintiff Loper is a *pro se* litigant, and thus her pleadings are accorded liberal construction. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). It is well settled that the allegations of *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In light of this liberal standard of review, a motion for more definite statement focuses on whether the responsive party has "enough information to frame an adequate answer." *Stewart Title Guar. Co. v. Sanford Title Servs.,*

*LLC*, No. ELH-11-620, 2011 WL 1704808, at *3 (D. Md. May 4, 2011). Nevertheless, *pro se* litigants such as Loper are still required to meet "certain minimal standards of pleading" and "must adhere to the rudimentary dictates of civil procedure." *Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981).

Even liberally construing Loper's Complaint, this Court concludes that the Complaint is so vague and ambiguous that HCPSS cannot reasonably prepare a response to it. *See* Fed. R. Civ. P. 12(e). The Complaint does not set forth allegations in numbered paragraphs, nor set forth separate counts delineating the her claims. *See Johnson v. I.R.S. Appeals Office*, L-06-350, 2006 WL 3802619, at *2 (D. Md. Oct. 30, 2006) (granting a motion for more definite statement where the four-paragraph, single-spaced narrative filed as the complaint did not set forth claims in numbered paragraphs and accepting numbered responses filed in brief as an amended complaint). While it seems Loper believes that her son was mistreated by Defendant Howard County Public Schools System, it is difficult to describe her claim in any more definite terms given the disjointed and conclusory nature of her statements and sporadic references to state and federal law. Asking HCPSS to file a response to this pleading would present "an unjustifiable burden on [the Defendant] to determine the nature of the claims against [it] and to speculate on what [its] defenses might be." *Holsey*, 90 F.R.D. at 123-24.

Pursuant to 12(e), this Court will grant Plaintiff Loper an opportunity to cure the defects in the Complaint. However, Plaintiff is cautioned that this Court has the authority to strike the Complaint if the Court's order to provide a more definite statement is not obeyed. *See Poter v. AMS Serv., LLC*, No. RWT-10-3252, 2011 WL 673780, at *2 (D. Md. Feb. 16, 2011) (citing Fed. R. Civ. P. 12(e)). Should Loper fail to cure the defects in the Complaint, it may

4

be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6), which allows the Court to dismiss a complaint which does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Ashcroft v. Iqbal*, 550 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))).

## CONCLUSION

For the above reasons, it is HEREBY ORDERED this 23rd Day of February, 2021 that:

1. Plaintiff Loper's Motion to Appoint Counsel (ECF No. 7) is DENIED;

2. Defendant HCPSS's Motion for More Definite Statement (ECF No. 11) is GRANTED;

3. The Clerk of the Court shall transmit a copy of this Memorandum Order to counsel of record.

_____/s/_____

Richard D. Bennett
United States District Judge